PUBLISH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 13-cv-01696-REB

MELANIE L. COLOSKY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#2],[1] filed June 27, 2013, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of cervical degenerative disc disease, multiple bilateral shoulder surgeries, thyroid disorder, Barrett's esophagus, depression, and anxiety. After her applications for disability insurance benefits and

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 4, 2012. At the time of the hearing, plaintiff was 44 years old. She has high school education and past relevant work experience as a deli clerk, grocery checker, and meat and seafood counter clerk. She has not engaged in substantial gainful activity since April 15, 2008, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff's degenerative disc disease and shoulder impairments were severe, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Her other alleged impairments were determined to be non-severe. The ALJ found that plaintiff had the residual functional capacity to perform a reduced range of light work with certain postural restrictions. This residual functional capacity was consistent with the all the demands of plaintiff's past relevant work as normally performed, and therefore, the ALJ found her not disabled. Alternatively, the ALJ determined that there were other jobs existing in significant numbers in the national and local economies that she could perform. He therefore found plaintiff not disabled at both step 4 and step 5 of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous

work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of

>the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).[2]  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of

---

[2] Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred in discrediting her subjective complaints of pain and functional limitation, assigning little weight to the opinion of her treating source, and assessing her residual functional capacity. She also claims the Appeals Council should have remanded the case for further consideration based on new evidence submitted with her administrative appeal. Finding no such reversible error, I affirm.

Plaintiff first faults the ALJ for allegedly failing to fully credit her subjective descriptions of her pain and limitation. In general, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (citing ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. ***Id.*** at 910; ***see also Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000). Such deference is warranted on this record.

The ALJ here gave multiple, specific, and legitimate reasons for his determination that plaintiff's allegations were entitled to less than full weight. (***See*** Tr. 33-34.) For example, he noted that plaintiff reported activities of daily living that were far more extensive than appeared consistent with her testimony, which included allegations that even minimal everyday activities (brushing her teeth, turning a doorknob) exacerbated her pain and that she need to lie down with heating pad up to 12

hours a day to alleviate her symptoms. Such activities included the ability to work after the alleged date of onset, albeit at less than the level of substantial gainful activity. (Tr. 25-26.) "Although activities of daily living do not necessarily translate to the ability to perform work-related activities on a sustained basis, they do bear on a plaintiff's credibility to the extent that the level of activity is in fact inconsistent with the claimed limitations" *Jack v. Astrue*, 2010 WL 3615022 at *3 (D. Colo. Sept. 10, 2010) (citations and internal quotation marks omitted). This is precisely how the ALJ relied on plaintiff's activities in his case, and there was no reversible error in this regard.

The ALJ also noted that inconsistencies in plaintiff's reports suggested that she was exaggerating her symptoms.[3] Specifically, he noted that although plaintiff testified at the hearing that she experiences severe anxiety attacks once or twice a week (Tr. 50-51), she told the consultative examiner that she only occasionally had anxiety and denied panic attacks all together (*see* Tr. 476). He further noted in this regard that the objective medical findings were relatively mild and that plaintiff's symptoms responded well to both medication and physical therapy. These findings are fully substantiated in the hearing decision. (Tr. 26-27.) Although plaintiff points to other evidence which purportedly contradicts the ALJ's assessment, I am not empowered to reweigh the evidence in the manner she requests.[4] *See Thompson v. Sullivan*, 987 F.2d 1482,

---

[3] It was perhaps a stretch for the ALJ to translate Dr. Sean Grey's observation that plaintiff's pain was "slightly out of proportion to the physical findings" (Tr. 595) into a finding of symptom magnification. (Tr. 27.) Nevertheless, the other discrepancies between plaintiff's testimony and the objective and other evidence noted by the ALJ more than adequately substantiate his conclusion in this regard. *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988) (mere fact of error does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence).

[4] The court frankly is puzzled by plaintiff's rather extensive discussion of chrondolysis – degeneration of the cartilage – as a possible explanation for her pain complaints. (*See* Plf. Br. at 27-29.) While Dr. Grey thought such condition a "probable" explanation for plaintiff's complaints (Tr. 595), there is

1487 (10th Cir. 1993). Conflicts in the evidence are for the ALJ to resolve, and he did not err in discharging that duty here. **Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988); **Gleason v. Apfel**, 1999 WL 714172 at *4 (D. Kan. Sept. 1, 1999).[5]

Plaintiff further faults the ALJ for failing to account for the impact of anxiety on her residual functional capacity. Even where an impairment has been found non-severe at step 2 of the sequential evaluation, *see* 20 C.F.R. § 404.1521,[6] the ALJ must consider the effects of all a claimant's medically determinable impairments, both severe and non-severe, in assessing her residual functional capacity at step 4, 20 C.F.R. § 404.1523. Although it is not entirely clear from the opinion that the ALJ specifically considered plaintiff's alleged mental impairments at later steps of the sequential evaluation, plaintiff offers nothing to suggest that this omission prejudiced her substantial rights. **Williams v. Chater**, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."). Plaintiff merely points out that she had been prescribed Paxil, which

---

nothing in the record to suggest that this suspicion has been confirmed. Moreover, and even if bare diagnosis were sufficient to establish the existence of a medically determinable impairment, which it is not, *see* **Madrid v. Astrue**, 243 Fed. Appx. 387, 392 (10th Cir. July 18, 2007); **Bernal v. Bowen**, 851 F.2d 297, 300 (10th Cir. 1988), the ALJ did not err by failing to address such an ephemeral and unsubstantiated suggestion of impairment.

[5] In the concluding paragraphs of her brief on this issue, plaintiff cites to the Tenth Circuit's decision in **Luna v. Bowen**, 834 F.2d 161, 165-66 (10th Cir. 1987), establishing standards for evaluating complaints of pain. This argument, however, is completely undeveloped, which would provide reason enough in itself not to address it further. *See* **Jack**, 2010 WL 3615022 at *3 n.1. Moreover, the ALJ specifically referred to the regulations and interpretive guidelines in his opinion (*see* Tr. 25), and nothing therein gives me reason to believe that he did not consider and apply the relevant factors, or that he did so incorrectly. *See* **Cox v. Apfel**, 2000 WL 1472729 at * 8 (D. Kan. Feb. 24, 2000) (citing **Hamilton v. Secretary of Health & Human Services**, 961 F.2d 1495, 1498-99 (10th Cir. 1992)).

[6] An impairment is not considered severe if it is merely a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985).

says nothing more than plaintiff was being treated for anxiety, a proposition which the ALJ acknowledged and considered. Moreover, both a consultative examiner and a state agency medical advisor found that plaintiff had no appreciable restrictions related to her alleged mental impairments (Tr. 73-83, 474-478), and no other evidence of record contradicts those assessments. There was, therefore, no error in this respect sufficient to warrant remand.

Plaintiff next claims the ALJ erred in assigning little weight to the restrictions imposed by her treating doctor, Eric Young. *See* 20 C.F.R. § 404.1527(c)(2) (treating source opinion entitled to controlling weight when"well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record"). In August 2008, Dr. Young released plaintiff to return to work with restrictions of lifting no more than 5 pounds, pushing or pulling no more than 20 pounds, and no overhead use of either arm. (Tr. 730.) However, the ALJ found that these restrictions were not consistent with plaintiff's progress thereafter. He noted that plaintiff increased both her range of motion and strength in physical therapy, but then quit coming to appointments and ultimately discharged from care by the therapist. (Tr. 26-27, 492-497.)[7] The ALJ properly considered that these actions reflected negatively on the alleged severity of plaintiff's claimed pain and functional limitations. *See Huston v. Bowen*, 838 F.2d 1125, 1132 & n.7 (10th Cir. 1988); *Fessler v. Apfel*, 11 F.Supp.2d 1244, 1251-52 (D. Colo. 1998).

---

[7] I note further that during her initial physical therapy evaluation in October 2008, plaintiff rated her pain as "2 on a scale of 0/10" and reported that her pain was "a result of doing a lot of cleaning and excessive lifting." (Tr. 497.) It also appears that plaintiff's treatment at the Fort Collins Pain Treatment Center seems to have been effective, as she reported in February 2010 that her shoulder pain was "mostly resolved" and she had increased her activities. (Tr. 437.)

These constitute specific, legitimate reasons tied to the evidence of record for the weight afforded Dr. Young's restrictions, and they provide no basis for reversing his determination in that regard.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003); *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

   Finally, and relatedly, plaintiff claims Dr. Young's February 2012 opinion supports limitations similar to those endorsed in his 2008 opinion.  (*See* Tr. 13-16.)   This later opinion, authored after the date of the ALJ's decision, was submitted to the Appeals Council for consideration.  The Council concluded that the opinion was not related to the time period for which benefits were denied and therefore not relevant to the ALJ's determination.  (Tr. 2.)  *See* 20 C.F.R. §§ 404.970(b) & 416.1470(b); *see also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).  Although plaintiff insists the opinion is referable to her previously diagnosed impairments, Dr. Young specifically stated that his opinion was based on review of X-rays taken in February 2012, a month after the ALJ issued his decision.  (*See* Tr. 13.)  X-rays showing the condition of plaintiff's shoulder after that date thus would not be relevant within the meaning of the regulations, and review was properly denied..

   Moreover, even if this opinion could be read more broadly, plaintiff points to no evidence after the date of the decision that might change the ALJ's analysis of the evidence or his reasons for assigning Dr. Young's 2008 opinion little weight.  Indeed, it appears that Dr. Young had not seen or examined plaintiff since May 2009 (Tr. 261), suggesting that – aside from 2012 X-rays, which were not relevant to the period under consideration – his opinion was informed by the much of the same medical history already considered by the ALJ.  Any error in this regard therefore is undoubtedly harmless.  *See Williams*, 1995 WL 490280 at *2; *Bernal v. Bowen*, 851 F.2d 297, 303

9

Case 1:13-cv-01696-REB   Document 23   Filed 09/19/14   USDC Colorado   Page 10 of 10

(10th Cir. 1988).

## IV.  ORDERS

For these reasons, I find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 19, 2014, at Denver, Colorado.

                                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

10